### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| **INNOCENT DURU,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action**  3:17-cv-352 |
| | § | |
| **GREAT AMERICAN LIFE** | § | |
| **INSURANCE CO.** | § | |
| **Defendant** | § | |

---

### INDEX OF MATTERS BEING FILED

---

Great American Life Insurance Co.'s Notice of Removal.

Exhibit A:   Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

Exhibit B:   A list of counsel of record.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **INNOCENT DURU,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action _____** |
| | § | |
| **GREAT AMERICAN LIFE** | § | |
| **INSURANCE CO.** | § | |
| **Defendant** | § | |

---

### GREAT AMERICAN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Great American Life Insurance Company ("Great American") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

#### *Procedural Background*

1.      On October 10, 2017, Plaintiff Innocent Duru filed his Original Petition ("Original Petition") styled Cause No. 93716-CV; *Innocent Duru v. Great American Life Insurance Company*, In the 149th District Court, Brazoria County, Texas.  Great American was served with citation on October 18, 2017.

#### *Nature of the Suit*

2.      This lawsuit involves a dispute over Great American's handling of Plaintiff's insurance claim for benefits under a life insurance policy.  Plaintiff asserts causes of action against Great American for breach the insurance contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code and fraud.

*Basis for Removal*

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.  At the time Plaintiff filed his Original Petition in District Court on October 10, 2017 and as of the date of filing this Notice, Great American was and is a corporation organized and incorporated in the state of Ohio, and with its principle place of business at 301 East Fourth Street Cincinnati, Ohio. Accordingly, at the time Plaintiff initially filed this suit, and through the filing of this Notice, Defendant Great American is not a citizen of the State of Texas for diversity jurisdiction purposes.

5.      Upon information and belief, Plaintiff was a citizen of Texas when his Petition was filed, and continues to be a citizen of Texas.

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[1]  Here, Plaintiff claims he is entitled to benefits under a life insurance policy.[2]  Plaintiff seeks damages for Great American's refusal to tender the

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* Exhibit A, Original Petition at paragraphs 11-34.

benefits of the policy under which he is listed as a beneficiary.[3]  The Policy at issue carries a face value of $75,000.00.

7.      In addition, Plaintiff seeks statutory penalties and treble damages under the Texas Insurance Code.[4]  Plaintiff also seeks attorney fees for bringing this suit.[5]  Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

8.      Based on the Policy's coverage limits, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.

### The Removal is Procedurally Correct

9.      Great American was first served with the Original Petition in District Court on October 18, 2017.  Therefore, Great American filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

13.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

14.     Pursuant to 28 U.S.C. §1446(d), promptly after Great American files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse parties.

---

[3] *See Id.*
[4] *See* Exhibit A, Original Petition at paragraphs 38-48.
[5] *See* Exhibit A, Original Petition at paragraph 64.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 149th Judicial District for Brazoria County, Texas, promptly after Great American files this Notice.

WHEREFORE, Great American Life Insurance Company requests that this action be removed from the 149th District Court of Brazoria County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

By:_____
        Carrie D. Holloway
        State Bar No. 24028270
        *Lead Counsel*
        One Riverwalk Place
        700 N. St. Mary's Street, Suite 1700
        San Antonio, Texas 78205
        210.227.2200 [Telephone]
        210.227.4602 [Telecopier]
        cholloway@lstlaw.com

        and

        David L. Treat
        State Bar No. 20205300
        *Of Counsel*
        LINDOW STEPHENS TREAT LLP
        One Riverwalk Place
        700 N. St. Mary's Street, Suite 1700
        San Antonio, Texas 78205
        210.227.2200 [Telephone]
        210.227.4602 [Telecopier]
        dlt@lstlaw.com

        *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, Galveston Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **17**<sup>th</sup> day of **November 2017**, addressed to those who do not receive notice from the Clerk of the Court.

Adalberto Ruiz
Aaron Coward
3718 E. Broadway Boulevard
Pearland, Texas 77581

Carrie D. Holloway

Exhibit  A

# REGISTER OF ACTIONS
## CASE NO. 93716-CV

| | | | | |
|---|---|---|---|---|
| Innocent Duru vs. Great American Life Insurance Co. | | § | Case Type: | **Contract - Other** |
| | | § | Date Filed: | **10/10/2017** |
| | | § | Location: | **149th District Court** |
| | | § | | |
| | | § | | |

## PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| **Defendant** | **Great American Life Insurance Co.** | | **Carrie D Holloway** |
| | | | *Retained* |
| | | | 210-227-2200(W) |
| | | | |
| **Plaintiff** | **Duru, Innocent** | | **Adalberto E. Ruiz** |
| | | | *Retained* |
| | | | 832-744-8650(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 10/10/2017 | **Original Petition (1-10 Plaintiffs) (OCA)** | |
| 10/10/2017 | **Case Information Sheet** | |
| 10/10/2017 | **Request** | |
| 10/11/2017 | **Docket Sheet** | |
| 10/11/2017 | **Citation** | |
| | Great American Life Insurance Co. | Unserved |
| 10/11/2017 | **Correspondence** | |
| 11/09/2017 | **Answer** | |

 CT Corporation

**Service of Process Transmittal**
10/20/2017
CT Log Number 532146608

TO:     John Gruber
        Great American Life Insurance Company
        301 E. 4th St, 15th Floor
        Cincinnati, OH 45202

RE:     **Process Served in Texas**

FOR:    Great American Life Insurance Company  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Innocent Duru, Pltf. vs. Great American Life Insurance Co., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition |
| **COURT/AGENCY:** | 149th Judicial District Court Brazoria County, TX<br>Case # 93716CV |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/20/2017 postmarked on 10/18/2017 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service<br>(Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Adalberto Ruiz<br>3718 E. Broadway Blvd.<br>Pearland, TX 77581<br>832-744-8650 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0131491707 |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Page 1 of  1 / AJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Dueo Je
6201 Bonhomme Rd., Ste. 300
Houston, TX 77036

7017 1070 0000 1478 5646

Great American Life Ins. Co.
c/o CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

Service I.D. No. 96779

## CAUSE NO. 93716-CV
### 149th District Court

THE STATE OF TEXAS                                                    CITATION

TO:   **Great American Life Insurance Company**                      Defendant
      **By serving its Registered Agent**
      **CT Corporation System**
      **1999 Bryan St., Ste. 900**
      **Dallas, TX 75201-3136**

NOTICE:

      You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

      The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **10th day of October, 2017.** It bears Cause No. **93716-CV** and Styled:

**Innocent Duru**
**vs.**
**Great American Life Insurance Co.**

      The name and address of the Attorney filing this action (or Party, if Pro Se) is **Adalberto E. Ruiz, Ruiz Law Firm, PLLC, 3718 E. Broadway St., Pearland, TX 77581.**

      The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

      Issued under my hand and the seal of said Court, at Angleton, Texas, on the **11th day of October, 2017.**

**RHONDA BARCHAK, DISTRICT CLERK**
**Brazoria County, Texas**

By _Brandi Anderson_ , Deputy
    Brandi Anderson

**SERVICE COPY**

Citation by Registered Agent

RETURN OF SERVICE

CAUSE NO. 93716-CV
149th District Court

INNOCENT DURU
VS.
GREAT AMERICAN LIFE INSURANCE CO.

Great American Life Insurance Company
By serving its Registered Agent
CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in
_____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION
with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following
times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURTHOUSE | MILEAGE |
|------|------|------|---------------------------------------------|---------|
|      |      |      |                                             |         |
|      |      |      |                                             |         |
|      |      |      |                                             |         |

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy        $_____        _____, Officer
Mileage: _____ miles @ $_____ per mile    $_____    _____ County, Texas
Total                            $_____        _____
                                                    Deputy/Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
            (First, Middle, Last)
address is_____
            (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.

_____
Declarant/Authorized Process Server

_____
(Id No. and expiration of certification)


Citation by Registered Agent

Filed for Record
10/10/2017 3:27 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
93716-CV
Kristie Wiley, Deputy

Cause No. 93716-CV_____

| | | |
|---|---|---|
| Innocent Duru, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | BRAZORIA COUNTY, TX |
| | § | |
| Great American Life Insurance Co. | § | |
| | § | |
| Defendant. | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Innocent Duru, plaintiff herein, complaining of Great American Life Insurance Co., defendant herein, and for the requested relief would show the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under discovery level 2.

### PARTIES AND SERVICE

2. Plaintiff resides in Brazoria County, Texas. The last three digits of Mr. Duru's driver license are 530. The last three digits of Mr. Duru's social security number are 973.

3. Defendant is a corporation organized under the laws of the State of Ohio, having its principal office at 301 East Fourth Street, Cincinnati, OH 45202-4201. Service may be effected on any officer of the corporation or upon its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, or wherever it may be found.

1

## JURISDICTION AND VENUE

4. Plaintiffs' damages exceed the minimum jurisdictional limits of this Court.

5. Venue is maintainable in Brazoria County pursuant to Tex. Civ. Prac. & Rem Code § 15.002. A substantial part of the events and omissions which gave rise to plaintiff's cause of action occurred in Brazoria County. The written contract which is being sued upon was breached within Brazoria County.

## FACTUAL ALLEGATIONS

6. Plaintiffs seek monetary relief of over $200,000.00 but not over $1,000,000.00. Plaintiffs reserve the right to amend this paragraph as necessary.

7. On June 25, 1997, Regina King purchased a twenty-year term life insurance policy from Manhattan National Life Insurance Company. At all times during the term of the policy, either Regina King or the plaintiff paid all premiums due under the policy in accordance with its terms.

8. Regina King designated plaintiff as primary beneficiary on the policy of insurance.

9. Plaintiff received notice by letter dated July 2002 that Great American Life Insurance Co., defendant herein, acquired Manhattan National Life Insurance Co., and was taking responsibility for fulfilling the terms of the life insurance policy.

10. On or about October 26, 2015, Regina Duru died at the ESUT Teaching Hospital Parklane, P.M.B. 1030, 305646 Enugu, Nigeria. Her cause of death, as listed on the Death Certificate issued in accordance with Nigerian law and provided by the hospital was cardiovascular accident due to cardiac arrest.

2

11. Plaintiff duly informed defendant of the death of his mother immediately thereafter and applied to receive the benefits he was entitled to under the policy, which has a face value of $75,000.00.

12. Defendant acknowledged plaintiff's claim by letter Dated December 28, 2015. This letter enclosed a claim form for plaintiff to fill out as well as requested a certificate of death showing the cause and manner of death of the insured, Regina Duru.

13. Plaintiff accordingly returned a complete and accurate claim form as well as an original certified copy of the death certificate provided by the hospital in accordance with local law.

14. Despite having returned the requisite documents to defendant, defendant embarked upon an unconscionably long and emotionally harmful investigation of Regina Duru's death.

15. Defendant hired an investigator which travelled to Nigeria to investigate Ms. Duru's death. They interviewed plaintiff's sister. Plaintiff offered to exhume the body to further the investigation, an offer which was refused as unnecessary.

16. Despite providing all the information which was necessary to provide in accordance with the policy terms, defendant continually strung the plaintiff along.

17. Every few months, defendant would send a letter to plaintiff which said that defendant as still investigating plaintiff's claims. Some letters also asked plaintiff to "Please also supply us with an original "Death Certificate" in addition to the already-received "Medical Certificate of Cause of Death."

18. The request for a second death certificate was specifically designed to justify delaying payment of plaintiff's claim as well as confuse the plaintiff. It asks plaintiff to do the impossible.

3

19. Rather than clearly communicating the reason why payment was not forthcoming and clearly delineating the difference between a "Medical Certificate of Cause of Death" from a "Death Certificate, defendant chose instead to play semantic word games in order to delay payment of plaintiff's claim.

20. The tone of the letters sent to plaintiff began to take on a sarcastic character. In one letter, defendant writes to plaintiff "In your letter we believe you meant to request something additional. Please forward this information so that we can make a response." To the extent this sentence has any meaning, it is contradictory and absurd.

21. At a vulnerable time where plaintiff most needed funds to pay for his mother's funeral, defendant played games with the plaintiff's emotions and sought to cause plaintiff to delay seeking redress with the intent that plaintiff would wait too long to be able to legally recover from defendant the benefit in exchange for which defendant accepted a premium over many years.

22. Defendant wrongfully denied Plaintiff's claim for life insurance benefits, even though the policy provided coverage for the loss suffered by plaintiff.

23. To date, Defendant continues to delay in the payment of the death benefit to which plaintiff is entitled.

24. Defendant failed to perform its contractual duties to compensate plaintiff under the terms of the policy. Specifically, it refused to pay the full proceeds of the policy, although due demand was made for the death benefit to be paid in full and all conditions precedent to recovery upon the policy had occurred.

25. Defendant failed to make an attempt to settle plaintiff's claim in a fair manner although it was aware of its liability to plaintiff under the policy. Defendant's conduct constitutes a

4

violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

26. Defendant failed to explain to plaintiff the reason for its failure to offer the settlement required by the policy. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

27. Defendant failed to affirm or deny coverage of plaintiff's claim within a reasonable time. Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

28. Defendant failed to perform conduct a reasonable investigation by performing an outcome-oriented investigation and resulted in a biased, unfair, and inequitable evaluation of plaintiff's claim, constituting a violation of Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

29. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging plaintiff's claim, beginning an investigation of plaintiff's claim and requesting all information reasonable necessary to investigate plaintiff claim within the statutorily mandated time of receiving notice of plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.055.

30. Defendant failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time or receiving all necessary information. Defendant's conduct constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.056.

5

31. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. To date plaintiff has not even received funeral costs, much less the full payment of the claim. Defendant's conduct constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.056.

32. From and after the time plaintiff's claim was presented to Defendant, the liability of defendant to pay the full claim in accordance with the terms of the policy was reasonably clear. However, defendant has refused to pay plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from plaintiff.

34. As a result of defendant's wrongful acts and omissions, plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## BREACH OF CONTRACT

35. Plaintiffs incorporate by reference the prior allegations made in this petition and allege them as if fully made within this section.

36. Defendant's conduct constitutes aa breach of the insurance contract made between defendant and plaintiff as third party beneficiary.

37. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas constitutes a breach of defendant's insurance contract with plaintiff.

6

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR
## SETTLEMENT PRACTICES

38. Plaintiffs incorporate by reference the prior allegations made in this petition and allege them as if fully made within this section.

39. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a). All violations under the articles are made actionable by Tex. Ins. Code § 541.151.

40. Defendant's unfair settlement practice, as described above, of failing to in good faith effectuate a prompt, fair, and equitable settlement of the claim even though defendant's liability under the policy was reasonably clear constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(2)(A).

41. Defendant's unfair settlement practice, as described above, of failing to promptly provide plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for their failure to settle plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(3).

42. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to plaintiff or to submit a reservation of rights to plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(4).

43. Defendant's unfair settlement practice, as described above, of refusing to pay plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

7

competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS

44. Plaintiffs incorporate by reference the prior allegations made in this petition and allege them as if fully made within this section.

45. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, prompt payment of claims. All violations made under this article are made actionable by Texas Ins. Code §541.060.

46. Defendant's failure to acknowledge receipt of plaintiff's claim, commence investigation of the claim, and request from plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

47. Defendant's failure to notify plaintiff in writing of its acceptance or rejection within the applicable time constraints constitutes a non-prompt payment of the claim in violation of Tex. Ins. Code §542.056.

48. Defendant's delay of payment of plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim in violation of Tex. Ins. Code §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Plaintiffs incorporate by reference the prior allegations made in this petition and allege them as if fully made within this section.

8

50. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

51. Defendant's failure as described above to adequately and reasonably investigate and evaluate plaintiff's claim when defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

52. Plaintiffs incorporate by reference the prior allegations made in this petition and allege them as if fully made within this section.

53. Defendant is liable to plaintiff for common law fraud.

54. Each and every one of the representations as described above, concerned material facts for which reason plaintiff would not have acted or failed to act and which defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

55. The statements were made with the intention that they should be acted upon or not by plaintiff in reliance on said false statements, thereby causing plaintiff to suffer injury and constituting common law fraud.

## KNOWLEDGE

56. Each of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of plaintiff's damages described herein.

9

## DAMAGES

57. Plaintiff has sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendant described hereinabove.

58. All the aforementioned acts, taken together or singularly, constitute the producing causes of the damage sustained by plaintiff.

59. For breach of contract, plaintiff is entitled to regain the benefit of the bargain, which is the amount of his claim together with attorneys' fees.

60. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorneys' fees. For knowing conduct of the acts complained of, plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

61. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, plaintiffs are entitled to amount of their claim as well as eighteen percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060.

62. For breach of the common law duty of good faith and fair dealing, plaintiff is entitled to compensatory damages including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

63. For fraud, plaintiff is entitled to recover actual damages and exemplary damages for knowing and fraudulent misrepresentations, along with attorneys' fees, interest, and costs of court.

64. For the prosecution and collection of this claim, plaintiff has been compelled to engage to the services of the attorney whose name is subscribed to this pleading. Therefore, plaintiff

10

is entitled to recover a sum for the reasonable and necessary services of plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## EXEMPLARY DAMAGES

65. Plaintiff would further show that the acts and omissions of the Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by § 41.003(1) of the Texas Civil Practice and Remedies Code.

## CONDITIONS PRECEDENT

66. All conditions precedent to recovery have occurred or been performed.

## JURY DEMAND

67. Plaintiff respectfully requests trial by jury and tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### Requests for Disclosure

68. Plaintiff requests that Defendants provide, within fifty days of the service of this document, the information required to be provided by Tex. R. Civ. Proc. 194.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, plaintiff

11

should have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, plaintiff requests the award of attorneys' fees for the trial and any appeals of this case, for all costs of court in his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which plaintiff may show himself to be justly entitled.

Respectfully submitted,

Adalberto Ruiz
State Bar No. 24071767
Aaron Cowart
State Bar No. 24082863
3718 E. Broadway Blvd.
Pearland, Texas 77581
Tel: (832) 744-8650
Fax: (832) 408-8540
E-Mail: albertoruizlegal@gmail.com

ATTORNEYS FOR PLAINTIFFS

12

Filed for Record
11/2/2017 2:36 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
93716-CV
Brandi Anderson, Deputy

CAUSE NO. 93716-CV

| | | |
|---|---|---|
| INNOCENT DURU | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| GREAT AMERICAN LIFE | § | |
| INSURANCE CO. | § | 149TH DISTRICT COURT |

---

## GREAT AMERICAN LIFE INSURANCE CO.'S ORIGINAL ANSWER

---

COMES NOW Defendant, Great American Life Insurance Co., and files its Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Pursuant to Texas Rules of Civil Procedure, Plaintiff is requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l).  Plaintiff shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

**IV.**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

By:_____
       David L. Treat
       State Bar No. 20205300
       Carrie D. Holloway
       State Bar No. 24028270
       One Riverwalk Place
       700 N. St. Mary's Street, Suite 1700
       San Antonio, Texas 78205
       227.2200 [Telephone]
       227.4602 [Telecopier]
       dlt@lstlaw.com
       cholloway@lstlaw.com

       *Counsel for Defendant*

---

### CERTIFICATE OF SERVICE

In accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on the **9**[th] day of **November 2017**, a true and correct copy of the above and foregoing instrument was served upon:

Adalberto Ruiz
Aaron Coward
3718 E. Broadway Boulevard
Pearland, Texas 77581

_____
David L. Treat/Carrie D. Holloway

# Exhibit  B

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **INNOCENT DURU,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action _____** |
| | § | |
| **GREAT AMERICAN LIFE** | § | |
| **INSURANCE CO.** | § | |
| **Defendant** | § | |

---

## LIST OF ALL COUNSEL OF RECORD

---

Party                                    Attorney(s)

Innocent Duru                            Adalberto Ruiz
                                         State Bar No. 24071767
                                         Aaron Coward
                                         State Bar No. 24082863
                                         3718 E. Broadway Boulevard
                                         Pearland, Texas 77581
                                         Telephone:  832-744-8650
                                         Fax:  832-408-8540
                                         albertoruizlegal@gmail.com


Great American Life Insurance Co.        LINDOW STEPHENS TREAT LLP
                                         Carrie D. Holloway
                                         State Bar No. 24028270
                                         *Lead Counsel*
                                         One Riverwalk Place
                                         700 N. St. Mary's Street, Suite 1700
                                         San Antonio, Texas 78205
                                         210.227.2200 [Telephone]
                                         210.227.4602 [Telecopier]
                                         cholloway@lstlaw.com

                                         and

                                         David L. Treat
                                         State Bar No. 20205300
                                         *Of Counsel*

LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
210.227.2200 [Telephone]
210.227.4602 [Telecopier]
dlt@lstlaw.com